IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HARVEY EUGENE TAYLOR, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:15-cv-0794 |
| JASON TERRY, | ) Judge Nixon |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Harvey Taylor, a state prisoner confined at the Morgan County Correctional Complex in Wartburg, Tennessee, has filed a *pro se* complaint under 42 U.S.C. § 1983 against defendant Jason Terry. (ECF No. 1.) The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

### I. Standard of Review

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or seeks relief from government entities or officials, 28 U.S.C. § 1915A. Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim for which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. In conducting the initial review, the Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## II.  Factual Allegations

Based on exhibits attached to the complaint and documents in the public record of which the Court takes judicial notice, it appears that the plaintiff, Harvey Taylor, was arrested pursuant to an arrest warrant in December 2007 by defendant Jason Terry, a detective with the Metro Nashville Police Department, on charges of aggravated rape. In August 2009, pursuant to a plea agreement, Taylor entered a plea of guilty to the lesser included offense of rape and was sentenced to twelve years in the custody of the Tennessee Department of Correction. He did not pursue a direct appeal of his conviction or sentence, but he filed a timely post-conviction petition, claiming that his guilty plea was not knowing and voluntary because he received ineffective assistance of counsel. His petition was denied. *See Taylor v. State*, No. M2012-01228-CCA-R3-PC, 2013 WL 655699 (Tenn. Ct. Crim. Ap. Feb. 21, 2013) (affirming denial of post-conviction petition), *app. for permission to appeal denied* (Aug. 14, 2013), *app. for permission to appeal denied* (Feb. 24, 2014). *See also Taylor v. State*, No. M2014-00541-CCA-R3-ECN, 2015 WL 1242958 (Tenn. Ct. Crim. App. March 16, 2015) (affirming dismissal of petition for writ of error coram nobis as untimely). Taylor remains in custody as a result of this conviction.

Detective Terry is the only defendant named in the plaintiff's complaint in this Court. The plaintiff asserts that Terry is liable to him for false arrest and false imprisonment, because Terry arrested him without probable cause and then detained him "without justification or consent." (Complaint, ECF No. 1, at 3.) The plaintiff emphatically asserts that, under Tennessee law, a charge of aggravated rape requires evidence of penetration but that the defendant had no evidence that such penetration occurred. He also insists that there was no evidence to support a conclusion that rape took place at all.

The plaintiff asserts that Terry "harassed" him from the time Terry began his investigation in May 2007 up until the plaintiff's arrest in December 2007, despite the lack of evidence against him. The plaintiff claims that Terry's actions violated the plaintiff's rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and under state and international law. He seeks compensatory and punitive damages against defendant Terry.

## III. Discussion

The plaintiff brings suit under 42 U.S.C. § 1983, asserting claims of false arrest and false imprisonment. The Court broadly construes the complaint also to assert a claim of malicious prosecution which, as the Supreme Court has recognized, "permits damages for confinement imposed pursuant to legal process." *Heck v. Humphrey*, 512 U.S. 477, 484 (1994).

### A. False-Arrest Claim

Typically, "[a] false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff." *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005). A facially valid arrest warrant issued by a magistrate provides a complete defense, *id.*, unless the plaintiff establishes that the defendant police officer knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions that were necessary to the finding of probable cause for the warrant. *Sykes v. Anderson*, 625 F.3d 294, 305–08 (6th Cir. 2010). Construed very liberally, the complaint in this case implies that the warrant was supported by false statements or material omissions.

Although the plaintiff alleges that his arrest was without probable cause, his false-arrest claim is nonetheless subject to dismissal on the basis that it is clearly barred by the statute of limitations. Because there is no applicable "statute of limitations governing § 1983 actions,

'federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought.'" *Wolfe v. Perry*, 412 F.3d 707, 713–14 (6th Cir. 2005) (quoting *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003)). The statute of limitations for personal injury actions arising in Tennessee and brought under the federal civil rights statutes is one year. Tenn. Code Ann. § 28-3-104(a)(3); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005).

Although the statute of limitations for § 1983 is borrowed from state law, a § 1983 action accrues and the statutory period begins to run according to federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Typically, the statute of limitations for filing an action alleging a constitutional violation begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)); *see also Roberson*, 399 F.3d at 794 ("A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence.").

Where, as here, the arrest was pursuant to an arrest warrant, the false-arrest claim accrued at the time of the arrest. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wallace*, 549 U.S. at 389). Because the plaintiff was arrested in December 2007, the statute of limitations for that claim expired in December 2008, a year later. The plaintiff did not file suit until July 2015, more than seven years after the accrual of the cause of action (and almost six years after his conviction became final). The plaintiff's false-arrest claim is therefore barred by the statute of limitations.

### B. False-Imprisonment Claim

Claims of false arrest and false imprisonment under federal law are typically analyzed in

identical fashion. *See Wallace*, 549 U.S. at 388 ("False arrest and false imprisonment overlap; the former is a species of the latter."); *James v. City of Wilkes-Barre*, 700 F.3d 675, 682–83 (3d Cir. 2012) (noting that a claim based on an arrest without probable cause is a type of false-imprisonment claim, citing *Wallace*, 549 U.S. at 389); *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir.1995) (describing false arrest claim as type of false imprisonment claim and stating that claims are analyzed identically). However, while a false-arrest claim generally accrues at the time of the arrest, courts recognize that a victim may not be able to sue while falsely imprisoned. Accordingly, the limitations period for a false-imprisonment claim begins to run "when the alleged false imprisonment ends." *Wallace*, 549 U.S. at 389.

Because what makes a false imprisonment "false" is the detention without due process, "a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* (emphasis in original). In this case, the plaintiff does not identify when he was bound over or arraigned. Regardless of when these events took place, it is indisputable that the false imprisonment ended no later than the date in 2009 when the plaintiff pleaded guilty to the less-included charge of rape. Again, because Tennessee's one-year statute of limitations applies, and because the plaintiff filed suit in 2015—well over a year after his false-imprisonment claim accrued—this claim too is subject to dismissal on the grounds that it is barred by the statute of limitations.

C.  **Malicious-Prosecution Claim**

"The Sixth Circuit 'recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment,' which 'encompasses wrongful investigation, prosecution, conviction, and incarceration.'" *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (quoting *Barnes v. Wright*, 449 F.3d 709, 715–16 (6th Cir. 2006)). "The 'tort of malicious

prosecution' is 'entirely distinct' from that of false arrest, as the malicious-prosecution tort 'remedies detention accompanied not by absence of legal process, but by *wrongful institution* of legal process.'" *Id.* (quoting *Wallace*, 549 U.S. at 390). To succeed on such a claim, the plaintiff must show that (1) a criminal prosecution was initiated against the plaintiff, and the defendant made, influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) the plaintiff suffered a deprivation of liberty; and (4) the criminal proceeding has been resolved in the plaintiff's favor. *Id.*; *see also Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that, to recover damages under § 1983 for an allegedly unconstitutional conviction, "or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus).

In this case, irrespective of whether the plaintiff might be able to satisfy the other elements of the claim, the public record establishes that the criminal proceedings against the plaintiff were not resolved in his favor. Moreover, it is clear that the plaintiff's malicious-prosecution claim, if true, would necessarily imply the invalidity of his underlying conviction. As the Supreme Court announced in *Heck*: "A claim for damages [implying the invalidity of] a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.*[1]

Accordingly, because the plaintiff has not shown that his rape conviction has been reversed, expunged or declared invalid, his malicious-prosecution claim is barred by *Heck v. Humphrey*.

---

[1] The Court also noted that the statute of limitations would pose no problem in such a case, because the cause of action that would imply the invalidity of a conviction would not accrue until the conviction was reversed or expunged, and the statute of limitations would not begin to run until then. *Id.* at 489–90.

Having concluded that the plaintiff's claims under § 1983 are either barred by the statute of limitations or by *Heck*, the Court has no basis for exercising supplemental jurisdiction over the plaintiff's state-law claims.

An appropriate order is filed herewith, dismissing the complaint in its entirety.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT