IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| HARVEY EUGENE TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-cv-0794 |
| | ) | |
| JASON TERRY, | ) | Judge Nixon |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Harvey Taylor is a state prisoner in the custody of the Tennessee Department of
Correction. Presently before the Court are the plaintiff's application to proceed *in forma pauperis*
(ECF No. 3) and motion to appoint counsel (ECF No. 2). In addition, the complaint is before the
Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

**A.      Application to Proceed as a Pauper**

Because the plaintiff's submissions confirm that the plaintiff lacks sufficient financial
resources from which to pay the full filing fee in advance, the application (ECF No. 3) is
**GRANTED**.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the
full filing fee. The plaintiff is hereby **ASSESSED** the $350 filing fee, as follows:

(1) The custodian of the plaintiff's inmate trust-fund account at the institution where he
now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of
the greater of – (a) the average monthly deposits to the plaintiff's account; or (b) the average

monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust-fund officer must withdraw from the plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this Court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this order to the Warden of the Morgan County Correctional Complex, where the plaintiff is confined, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust-fund account **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

## B. Dismissal of the Complaint

For purposes of the initial review required by the PLRA, for the reasons explained in the accompanying Memorandum Opinion, the Court finds that the plaintiff's false-arrest and false-

imprisonment claims are barred by the statute of limitations, and his malicious-prosecution claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Because the complaint fails to state a claim for which relief may be granted, it is hereby **DISMISSED**.

The motion to appoint counsel (ECF No. 2) is **DENIED** as moot.

It is so **ORDERED**.

This is the final order in this case, for purposes of Rule 58 of the Federal Rules of Civil Procedure.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT